APPEAL OF PERMANENT LOAN AND SAVINGS ASSO-
CIATION.

Docket No. 2268.   Submitted May 21, 1925.   Decided June 23, 1925.

Upon the evidence, *held*, that, under the provisions of section
231 (4) of the Revenue Act of 1921, taxpayer is exempt from tax-
ation for the year 1921.

*John D. Watkins, Esq.*, and *John E. McClure, Esq.*, for the tax-
payer.
*Robert A. Littleton, Esq.*, for the Commissioner.

Before LITTLETON and TRUSSELL.

### FINDINGS OF FACT.

The taxpayer is a domestic building and loan association, organ-
ized under the laws of the State of Indiana in the year 1885.

The capital stock of the association consists, and consisted during
the year 1921, of running or installment shares of the par value of
$100 each.   It has not now and did not have in the year 1921 any
paid-up stock.   During the year 1921 the total amount of loans
made by the association was $158,590, of which $114,115 was to
members who had subscribed to running stock prior to the time they
applied for loans.   Prior to August 5, 1921, the association also
made loans in the amount of $44,475 to persons who had not pre-
viously subscribed for running stock, and it is these loans which give
rise to the controversy.   These loans were made under the follow-
ing conditions:

Prior to August 5, 1921, it was not the custom of the association
to issue certificates of stock to its members except on request.   When
a person applied for stock in the association, he did not sign a for-
mal subscription blank, but was simply given a pass book in which
were entered his weekly payments, and, unless he specifically re-
quested a certificate, this book was all the evidence he had of his
ownership of stock.   When a person holding running stock applied
for a loan, he was required to sign a formal application therefor,
which was based on his stockholding, and to execute a mortgage on
real estate as security.   Thereafter, his weekly payments were en-
tered in his pass book as usual.   No person could obtain a loan in
excess of the par value of his stock.

When a person who had not previously subscribed for stock and
received a pass book applied for a loan, he was required to make a

formal application for the loan setting forth the number of shares of stock on which he desired to obtain the loan, and also to execute a mortgage on real estate, which mortgage contained a covenant to the effect that he was a member of the association and entitled to the mutual benefits and advantages accruing therefrom. He was then given a pass book, and the weekly payments thereafter made were entered in his pass book. The weekly payments were based on shares of stock having a par value at least equal to the amount of the loan. In other words, a person who had not previously subscribed for stock, and who borrowed $1,000, made a formal application setting forth that he desired to obtain a loan on 10 shares of stock, and upon the granting of the loan he was given a pass book and thereafter paid and had entered in the pass book, weekly, amounts equal to the regular weekly payments or dues required by the association on 10 shares of its stock.

Certificates of stock were not issued to members prior to August 5, 1921, whether borrowers or nonborrowers, unless specifically requested, but after that date certificates were made out and pasted in the back of all outstanding pass books and those subsequently issued. The persons who had not subscribed for stock prior to the time they applied for loans received, on or after August 5, 1921, certificates the same as other members, and their certificates were dated as of the dates of their applications for loans.

The persons who had not subscribed for stock prior to making loans, from the time they received pass books and commenced making weekly payments, participated in the profits of the association on exactly the same basis as members who had received stock prior to the time they applied for loans. They had the same rights and benefits and the same liabilities as any regular certificate-holding member of the association.

## DECISION.

The deficiency determined by the Commissioner is disallowed.

## OPINION.

LITTLETON: The taxpayer contends that it is entitled to exemption from taxation for the year 1921 under the provisions of section 231 (4) of the Revenue Act of 1921, which provides:

That the following organizations shall be exempt from taxation under this title— * * *

(4) Domestic building and loan associations substantially all the business of which is confined to making loans to members; * * *.

The Commissioner contends that substantially all the business of the taxpayer was not during the year 1921 confined to making loans

to its members, and that it therefore does not come within the provisions of law just quoted. It is conceded by the Commissioner that, if the persons to whom loans, in the total amount of $44,675, were made prior to August 5, 1921, were members of the association, it is entitled to exemption from taxation in the year 1921.

Upon consideration of the evidence in this appeal, we are of the opinion that all of the business of the taxpayer during the year 1921 was confined to making loans to members. The loans fall into two classes—those made to persons who at the time they applied therefor were members and holders of stock in the association, and those made to persons who became members and stockholders at the time they applied for and received loans. Borrowers of the latter class, upon the making of the applications for loans and the issuance of pass books to them, immediately became members and stockholders of the association, entitled to the same rights and benefits and subject to the same liabilities as any other member. It is immaterial, we think, that certificates of stock were not issued to those persons at the time they became members. A certificate is merely the stockholder's evidence of title to his stock. In this appeal the persons whose loans are involved did everything necessary to make them members of the association when they made their applications for loans. They became members in fact, entitled to all the benefits and subject to the liabilities incident to membership. We are, therefore, of the opinion that the taxpayer is entitled to exemption from taxation for the year 1921, under section 231 (4) of the Revenue Act of 1921.